**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
ISAAC DIXON,
:
:
                        Plaintiff, :      19-CV-2397 (AT) (OTW)
:
           -against- :      **OPINION & ORDER**
:
ATTICA CORRECTIONAL FACILITY,
:
:
                        Defendant. :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On March 18, 2019, petitioner Isaac Dixon ("Petitioner") filed a petition for a writ of *habeas corpus*. (ECF 1). His petition arises from a 2017 conviction, pursuant to a plea agreement, in New York County Supreme Court for attempted rape, burglary, and sexual abuse. (*Id*. at 1). In accordance with the plea agreement, Petitioner was subsequently sentenced to the promised sentence of ten years and waived his right to appeal his conviction. (SR 52-74). He now contends that his confinement by the State of New York is unlawful because of judicial and prosecutorial misconduct related to plea and sentencing negotiations between his counsel, the judges, and prosecutor in his case, particularly as they relate to the waiver of his right to appeal his conviction, and ineffective assistance of counsel related to the same. (ECF 1).

Before the Court is a motion for counsel to be appointed to assist Petitioner in obtaining the relief he seeks through his application. Petitioner's request is **DENIED**.

There is no constitutional right to representation by counsel in habeas proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). The Court, however, has the discretion to appoint counsel to any person seeking relief under § 2254 when that person is "financially

unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B); *see, e.g.*, *Jackson v. Moscicki*, No. 99-cv-2427 (JGK), 99-cv-9746 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). "In determining whether to appoint counsel for a habeas corpus petition, the Court applies the same standard used to appoint counsel to other civil litigants, pursuant to 28 U.S.C. § 1915(e)(1)." *Luna v. Artus*, No. 10-cv-2565 (PKC) (KNF), 2010 WL 2594303, at *2 (S.D.N.Y. June 18, 2010). "Specifically, first, a district court 'must [ ] ascertain whether [a] litigant is able to afford or otherwise obtain counsel.'" *Id*. (quoting *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)).

Additionally, in considering whether to appoint counsel, the Second Circuit has established the following standard:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see e.g.*, *Cary v. Ricks*, No. 00-cv-8926 (RWS), 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (applying *Hodge* factors to *habeas* petitioner's request for counsel). Among the factors to be considered is "whether an evidentiary hearing should be held in connection with the petition" and "[w]here no hearing is to be held, the appointment of counsel is not warranted." *Crayton v. Carlsen*, No. 02-cv-2565 (JSR) (KNF), 2003 WL 169784, at *1 (S.D.N.Y. Jan. 24, 2003) (citing *ex rel Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974)). "Moreover, in deciding whether to appoint counsel, the Court must be mindful that 'every assignment of a volunteer lawyer to an undeserving client

2

deprives society of a volunteer lawyer available for a deserving cause.'" *Rivera v. Lakeview*, No. 06-cv-7779 (RJS), 2008 WL 2276658, at *1 (S.D.N.Y. May 27, 2008) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

Here, Petitioner has not established his inability to afford or otherwise obtain counsel. He has not been granted *in forma pauperis* status and while he indicated he would be attaching an original Request to Proceed *In Forma Pauperis* application to his request for counsel, no such application was attached. (*See* ECF 9 at 2). Petitioner only states that he is "unable to afford [an attorney] due to lack of financial circumstances." (*Id*. at 3-4). Based on the available information filed on the CM/ECF docket, the Court cannot at this time determine whether Petitioner is financially unable to obtain adequate representation. Despite this, the Court will continue to analyze Petitioner's request in accordance with *Hodge*.

As a threshold matter, the Court notes that Petitioner has asserted substantive claims that appear to be unexhausted because they were never raised in state court.[1] Based on a preliminary review of Petitioner's application, and without prejudice to future resolution of the petition, the Court finds that the petition is unlikely to be meritorious. *See Ortiz v. Martuscello*, No. 16-cv-7927 (LAP) (OTW), 2018 WL 10468148, at *4 (S.D.N.Y. Aug. 23, 2018) (denying Petitioner's *habeas* petition where Petitioner alleged, *inter alia*, that he should have been allowed to plead to a lower plea offer).

Additionally, even if the "substance" requirement were met, the remaining *Hodge* factors do not weigh in favor of Petitioner's application. Upon review of the petition and the state court record, there is no reason for the Court to believe an evidentiary hearing is

---

[1] Petitioner's most recent letter to the Court states that he submitted a motion to vacate his conviction/judgment in the Supreme Court of New York on January 10, 2020. (*See* ECF 17).

necessary in this case. Further, Petitioner has not raised, nor does the Court see, any "special reason" that would warrant the appointment of counsel. On its face, the petition does not raise complicated issues, and the procedural history surrounding Petitioner's case is not particularly complex. Overall, it appears that Petitioner's application for a writ of *habeas corpus* can be addressed based on the parties' written submissions and the state court record that has already been filed on the CM/ECF docket. Accordingly, Petitioner's request for the appointment of counsel is **DENIED**.

Respectfully submitted,

*s/ Ona T. Wang*

Dated: April 1, 2020
New York, New York

**Ona T. Wang**
United States Magistrate Judge