```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/2/2021_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAAC DIXON,

        Petitioner,

-against-

ATTICA CORRECTIONAL FACILITY,

        Respondent.

19 Civ. 2397 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner *pro se* Isaac Dixon brings this *habeas corpus* proceeding pursuant to 28 U.S.C § 2254, challenging a state court conviction by plea. Petition, ECF No. 1. Respondent moved to dismiss the petition on the ground that Petitioner had failed to exhaust his state court remedies to challenge his conviction. ECF No. 12. On August 6, 2020, the Honorable Ona T. Wang issued a Report and Recommendation (the "R&R") recommending that the petition be dismissed for failure to exhaust state court remedies. ECF No. 21. Judge Wang found that Petitioner had "clearly not exhausted his claims" because while he had filed a motion pursuant to N.Y.C.L.P.R. § 440.10 to vacate his conviction raising several of the claims he raised in this proceeding, that motion had been denied, and Petitioner had not shown he had sought leave to appeal. R&R at 5. On September 30, 2020, this Court adopted Judge Wang's R&R in its entirety. ECF No. 25. On March 1, 2021, Petitioner moved for "reconsideration" of the Court's September 30 decision, and sought leave to reopen the case on grounds that he had now exhausted his state remedies. ECF No. 26. On June 1, 2021, Petitioner filed a supplemental memorandum in support of his motion for reconsideration. ECF No. 29. On September 23, 2021, Respondent filed a letter indicating they do not oppose reopening the case. ECF No. 31.

    Pursuant to Local Civil Rule 6.3, a motion for reconsideration must be served within fourteen days after the entry of the Court's determination of the original motion. Petitioner's motion is therefore untimely, as it was not filed for over six months following the entry of the Court's order dismissing the Petition. Moreover, a party seeking reconsideration may not "advance new facts . . . not previously presented to the Court." *Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 509 (S.D.N.Y. 2017) (citation omitted). However, given the Court's duty to construe submissions by a *pro se* Plaintiff liberally, *see Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and given that Respondent does not object to the reopening of this matter, the Court will construe Petitioner's motion as a motion for leave to amend or supplement the Petition pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 requires that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, Petitioner's request to amend the Petition is GRANTED.  By **January 3, 2022**, Petitioner shall file an amended petition, addressing exhaustion of his state court remedies.  By **February 1, 2022**, Respondent shall answer, or otherwise respond to the amended petition.  The Clerk of Court is directed to reopen this case, and terminate the motion pending at ECF No. 26.  The Clerk of Court is further directed to mail a copy of this Order to Petitioner *pro se*.

SO ORDERED.

Dated:  November 2, 2021
         New York, New York

ANALISA TORRES
United States District Judge